UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TEIJIRO HANDA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HONDA AIRCRAFT COMPANY, LLC, MATTERHORN AVIATION LIMITED, MAS ONE USA LLC, JOHN DOES 1-10, JANE DOES 1-10,  DOE CORPORATIONS 1-10,  DOE PARTNERSHIPS 1-10,  DOE ENTITIES 1-10,  DOE GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　　Defendants. | CIV. NO. 21-00141 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDTANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

　　　　Before the Court is Defendant/Counterclaimant Honda Aircraft Company, LLC's ("Honda Aircraft") Motion for Judgment on the Pleadings ("Motion"), filed November 29, 2021. [Dkt. no. 39.] On January 3, 2022, Defendant MAS One USA LLC ("MAS One") filed a statement of no position, and Plaintiff/Counterclaim Defendant Teijiro Handa ("Handa") filed his memorandum in opposition on January 7, 2022. [Dkt. nos. 43, 44.] Honda Aircraft filed its reply on January 14, 2022. [Dkt. no. 45.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii ("Local Rules").  Honda Aircraft's Motion is hereby granted in part and denied in part for the reasons set forth below.

## BACKGROUND

Handa is president of Wing Spirit, "an air charter broker for private passenger jet and air ambulance service." [Notice of Removal, filed 3/16/21 (dkt. no. 1), Exh. A (Complaint, filed 3/3/21 in state court) at ¶ 14.[1]]  Handa alleges Wing Spirit originally entered into an agreement to purchase aircrafts directly from Honda Aircraft and made an initial deposit of approximately $21,895,800 ("the Deposit") to Honda Aircraft on October 30, 2018 ("the Purchase Agreement"). [Id. at ¶ 17.]  However, upon the advice and recommendation of Simon Roads ("Roads"), a Honda Aircraft employee who facilitated the Purchase Agreement, Handa entered into a series of negotiations and agreements with Honda Aircraft and Matterhorn Aviation Limited ("Matterhorn").  Under those agreements (collectively "the Matterhorn Transaction"), Wing Spirit assigned its rights under the Purchase Agreement ("the Assignments") to the Bank of Utah, as owner trustee ("the Trustee") for the benefit of MAS One.  Moreover, under the

---

[1] Handa's Complaint includes allegations about other parties.  For purposes of the Motion, the Court only includes and addresses the allegations relevant to Honda Aircraft and the Motion.

Matterhorn Transaction, the Trustee purchased the new aircrafts, the Trustee leased the aircrafts to Honda Aircraft, and Honda Aircraft subleased the aircrafts to Wing Spirit.  [Id. at ¶¶ 18.a-e, 23.]

Wing Spirit subleased seven aircrafts from Honda Aircraft pursuant to an Aircraft Sublease Agreement dated January 31, 2020 ("the Sublease").  [Id. at ¶ 15.]  Handa entered into a Guarantee and Indemnity Agreement ("the Guarantee") with Honda Aircraft, also dated January 31, 2020, which required Handa to: "(1) personally guarantee Wing Spirit's performance of all obligations owed to [Honda Aircraft] under the Sublease; and (2) indemnify [Honda Aircraft] for all costs [it] might incur in connection to the Sublease[.] . . ."  [Id. at ¶ 16.]

Handa alleges Roads first brought the idea of the Matterhorn Transaction to his attention.  Roads then advised and represented to Handa that he should cause Wing Spirit to enter into the Matterhorn Transaction.  Handa believed that Roads, who has substantial experience in aircraft sales, understood the transaction and was acting in the best interests of Handa and Wing Spirit.  Handa asserts Roads assured him that this was the case.  In December 2019, Roads approached Handa to discuss and eventually negotiate employment contracts for him and two others with Wing Spirit.  But, the contracts were never executed.

3

Handa believes Roads discussed employment contracts with Wing Spirit to cause Handa to rely on him and trust him in the Matterhorn Transaction. [Id. at ¶¶ 19-21.]

Another part of the Matterhorn Transaction required Wing Spirit to allow $6,000,000 of the Deposit to be credited toward the purchase price, which was to be paid by MAS One for the aircrafts. [Id. at ¶ 26.] In exchange, Matterhorn agreed to repay Wing Spirit in the amount of the Loan, plus interest. As a vehicle to repay the Loan, Matterhorn Aviation Services Limited ("MASL") executed four promissory notes, each in the amount of $1,500,000 payable to Wing Spirit. [Id. at ¶ 28.] When the notes matured in October 2020, MASL failed and refused to repay the notes. As a result, Wing Spirit has been unable to satisfy its obligations to Honda Aircraft under the Sublease, and exposed Handa to substantial claims by Honda Aircraft under the Guarantee. Around January 2021, Handa discovered that MASL was not a lawfully existing entity. [Id. at ¶¶ 38-41.]

Honda originally filed his Complaint in the State of Hawai`i, First Circuit Court. [Id. at PageID #: 8.] Honda Aircraft removed the case to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b). [Notice of Removal at ¶ 4.]

Handa alleges one claim against Honda Aircraft. He alleges Honda Aircraft fraudulently induced him, by and through

4

Roads's misrepresentations, to enter into the Matterhorn Transaction ("Count I"). In the instant Motion, Honda Aircraft seeks dismissal with prejudice of Handa's claim against it on grounds that Handa fails to state a plausible claim for fraudulent inducement and Handa lacks standing to assert any claims based upon the promissory notes given to Wing Spirit.

## **STANDARD**

This district court has stated:

> Rule 12(c) of the Federal Rules of Civil Procedure states, "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion. Gregg v. Hawaii, Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017); United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); Dworkin v. Hustler Mag. Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).
>
> "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Gregg, 870 F.3d at 887; accord Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." (quotation marks, alteration signals, and citation omitted)).

Sam v. Dep't of Pub. Safety, CIVIL NO. 20-00164 SOM-RT, 2021 WL 1032282, at *1–2 (D. Hawai`i Mar. 17, 2021).

## DISCUSSION

I. **Governing Law**

The parties assume Hawai`i law applies in the instant case. See, e.g., Mem. in Supp. of Motion at 13-14 (citing to Hawai`i law for the elements of a fraudulent inducement claim); Mem. in Opp. at 6-7 (same). However, the agreements that make up the Matterhorn Transaction have different choice-of-law provisions. For instance, the Assignments are governed by North Carolina law, see Motion, Decl. of Christopher W. Belcher ("Belcher Decl."), Exh. D (purchase agreement between Honda Aircraft and Wing Spirit) at PageID #: 533, ¶ 17.a,[2] while the Sublease and the Guarantee are governed by New York law, see id., Exh. F (Aircraft Sublease Agreement between Honda Aircraft and Wing Spirit) at Page ID #: 761, § 31.i; id., Exh. G (personal guaranty of sublease by Handa to Honda Aircraft) at PageID #: 845, § 16.[3] Although the parties seemingly agree that

---

[2] The Assignments were also titled as amendments to the Purchase Agreement. As such, the Assignments incorporate the choice of law provisions of the Purchase Agreement. See Belcher Decl., Exh. D at PageID #: 569 (first amendment to Purchase Agreement), 622 (sixth amendment to Purchase Agreement).

[3] "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint . . . ." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). However, under the incorporation-by-reference doctrine, the district court may "treat[] certain documents as though they are part of the complaint itself." Id. at 1002. Here, the Court considers
(. . . continued)

Hawai`i law applies in this case, the Court finds it necessary to briefly address the different choice-of-law provisions in the relevant documents.

"A federal court sitting in diversity applies the choice-of-law rules of the forum state." Bennett v. Poipu Resort Partners, L.P., Civ. No. 18-00171 ACK-KJM, 2021 WL 4073276, at *4 (D. Hawai`i Sept. 7, 2021) (citing Nguyen v. Barnes & Nobles, Inc., 763 F.3d 1171, 1175 (9th Cir. 2014)). "[U]nder Hawaii law, a choice of law provision provided for in a contract between the parties will generally be upheld." Id. at *5 (citation and internal quotation marks omitted). But, "'[c]laims arising in tort are not ordinarily controlled by a contractual choice of law provision.'" Id. at *6 (alteration in Bennett) (some citations omitted) (quoting Sutter Home Winery, Inc. v. Vintage Selections, Ltd., 971 F.2d 401, 407 (9th Cir. 1992)).

Accordingly, "for non-contractual claims, Hawaii's choice-of-law rules require a determination of which state has 'the most significant relationship to the parties and the subject matter.'" Id. (some citations omitted) (quoting

---

the agreements as incorporated by reference in the Complaint because the Complaint relies on them. The Court may therefore consider the agreements without converting the Motion into a motion for summary judgment. See id. at 998. But, the Court emphasizes that it only considers the agreements for the purpose of addressing the choice-of-law provisions.

Mikelson v. United Servs. Auto Ass'n, 107 Haw. 192, 198, 111 P.3d 601, 607 (2005)). "In making this determination, courts look to factors such as (1) where relevant events occurred, (2) the residence of the parties, and (3) whether any of the parties had any particular ties to one jurisdiction or the other." Id. (citations and internal quotation marks omitted). "Hawaii's choice-of-law approach 'creates a presumption that Hawaii law applies unless another state's law would best serve the interests of the states and persons involved.'" Hamby v. Ohio Nat'l Life Assurance Corp., Civil No. 12-00122 JMS-KSC, 2012 WL 2568149, at *3 (D. Hawai`i June 29, 2012) (quoting Abramson v. Aetna Cas. & Sur. Co., 76 F.3d 304, 305 (9th Cir. 1996)).

Honda Aircraft states the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). [Notice of Removal at ¶ 4.] The Court agrees. Under § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1). In analyzing an entity's citizenship, this district has stated:

> A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C.

8

> § 1332(c)(1)). By contrast, an LLC shares the citizenships of all of its owners/members. Id. at 899, 902 ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

CIT Bank, N.A. v. Jade McGaff, M.D., LLC, CIVIL NO. 21-00092 JAO-RT, 2021 WL 932009, at *1 (D. Hawai`i Mar. 11, 2021) (alteration in CIT Bank). Moreover, diversity of citizenship must be complete, *i.e.*, it "requires that each of the plaintiffs be a citizen of a different state than each of the defendants." Id. (some citations omitted) (citing Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007)).

  Here, Handa is a resident of Hawai`i, [Complaint at ¶ 1,] and Honda Aircraft is a Delaware limited liability company with its sole member being a California corporation which maintains its principal place of business in California, [Notice of Removal at ¶ 7]. Honda Aircraft states there is complete diversity between Handa and all of the defendants in the instant action. See id. at ¶¶ 7-13. Handa does not appear to contest the defendants' citizenship. See Complaint at ¶¶ 3-8. Finally, the amount in controversy exceeds $75,000 because Handa alleges damages over $6,000,000. See id. at ¶ 74. Thus, the Court sits in diversity, and it must apply the choice-of-law rules of Hawai`i.

  Because Handa asserts a tort claim against Honda Aircraft, the Court needs to determine "which state has 'the

9

most significant relationship to the parties and the subject matter.'"  See Bennett, 2021 WL 4073276, at *6 (some citations omitted) (quoting Mikelson v. United Servs. Auto Ass'n, 107 Haw. 192, 198, 111 P.3d 601, 607 (2005)).  Handa and Honda Aircraft appear to agree that Hawai`i law applies.  Handa was a Hawai`i resident during the negotiation and completion of the Matterhorn Transaction.  See, e.g., Complaint at ¶ 1.  Handa also conducted his business in Hawai`i.  See id. at ¶¶ 2, 14.  The aircrafts, which were the subject of the Purchase Agreement, the Sublease, and the Guarantee, were to be used in Hawai`i.  See, e.g., id. at ¶¶ 10, 14-15.  Further, neither North Carolina law nor New York law would best serve Handa because he chose to bring his action in Hawai`i.  Those laws also do not appear to best serve Honda Aircraft because it relies on Hawai`i law in its Motion and fails to invoke either choice-of-law provision.  As such, Hawai`i law applies to Handa's tort claim against Honda Aircraft.[4]

---

[4] The Purchase Agreement also contains a forum-selection clause.  See Belcher Decl., Exh. D at PageID #: 533, ¶ 17.a.  The Court directed the parties to address whether they waived the forum-selection clause.  See Minutes – EO: Court Order Directing the Parties to Submit Briefing Addressing the Forum Selection Clause in Their Agreement, filed 2/28/22 (dkt. no. 47), at 2.  The parties submitted briefing arguing that the forum-selection clause either does not apply or is waived.  See generally Honda Aircraft's Mem. in Response to the Court's Minute Order Dated 02/28/2022, filed 3/10/22 (dkt. no. 48); Handa's Brief Re Forum Selection, filed 3/11/22 (dkt. no. 49).
(. . . continued)

## II. Standing

Honda Aircraft argues Handa lacks standing to seek recovery of the $6,000,000 in promissory notes because it constitutes property of Wing Spirit's bankruptcy estate and thus can only be asserted by Wing Spirit's bankruptcy trustee.[5] [Mem. in Supp. of Motion at 20.]

"[T]he general rule is that the doctrine of standing prohibits a litigant from asserting another's legal right. No right exists under a guaranty contract to assert the rights of the principal debtor other than a right to raise defensively the claims of the principal debtor." Joy A. McElroy, M.D., Inc. v. Maryl Grp., Inc., 107 Hawai`i 423, 431, 114 P.3d 929, 937 (Ct. App. 2005) (citation and internal quotation marks omitted). "[A] guarantor must show a distinct and different injury before an independent action can be maintained." Id. (alteration in Joy A. McElroy, M.D.) (quotation marks and citation omitted). A fraudulent misrepresentation claim can be a distinct and different injury that warrants an independent action. See, e.g., id.

Here, Handa alleges Roads fraudulently induced him to enter into the Matterhorn Transaction. In other words, Handa is

---

In light of the parties' briefing, the Court finds that the forum-selection clause is waived as to Honda Aircraft and Handa.

[5] The Complaint does not mention the bankruptcy proceedings.

11

not seeking to enforce a contractual right, but, instead, is pursuing a tort claim. If Handa meets his burden to state a plausible fraud claim against Honda Aircraft, he has standing to sue Honda Aircraft and can seek recovery of damages relating to the fraud. Honda Aircraft essentially concedes this point. See Reply at 7.

### III. Fraudulent Inducement

This district court has stated:

> Under Hawai`i law, the elements for intentional misrepresentation or fraud are as follows: "(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them." Shoppe v. Gucci America, Inc., 94 Hawai`i 368, 386, 14 P.3d 1049 (2000).

Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc., 948 F. Supp. 2d 1131, 1151 (D. Hawai`i 2013). "To be actionable, the alleged false representation must relate to a past or existing material fact and not the occurrence of a future event." Shoppe, 94 Hawai`i at 386, 14 P.3d at 1067 (citation omitted). Moreover, a "plaintiff[] must prove that [his] reliance upon a defendant's representations was reasonable." Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawai`i 149, 163, 73 P.3d 687, 701 (2003). "Liability for fraud, as for other torts, requires proof of duty, breach of duty, causation, and damages." Exotics

12

Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai`i 277, 298, 172 P.3d 1021, 1042 (2007) (citations omitted).

Additionally, under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake." A plaintiff should therefore identify "the who, what, when, where, and how of the misconduct charged." Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (quotation marks and citation omitted). "[T]he plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. (quotation marks and citation omitted).

Here, Handa alleges Roads, as an employee of Honda Aircraft, advised Handa to enter into the Matterhorn Transaction. According to the Complaint, Roads also assured Handa that entering into the Matterhorn Transaction was in the best interests of Handa and Wing Spirit. Finally, Handa alleges Roads approached him regarding possible employment contracts with Wing Spirit, and Handa believes Roads did so solely to get Handa to trust him in the Matterhorn Transaction. [Complaint at ¶¶ 18-21.]

Even accepting Handa's allegations as true, see Gregg, 870 F.3d at 887, he fails to plausibly allege a fraudulent inducement claim against Honda Aircraft. First, Handa does not allege a representation. Although he alleges Roads "advised,"

13

"recommended," and "assured" him in the Matterhorn Transaction, see Complaint at ¶¶ 20, 45, Handa does not allege a single specific representation. Vague allegations of advising and recommending do not meet the heightened pleading requirements of Rule 9(b). Moreover, even if Handa alleged Roads gave him bad advice or a bad recommendation, that alone does not constitute fraud because "'an actionable misrepresentation must relate to fact and **cannot be based on an expression of opinion or a prediction**.'" See Joy A. McElroy, M.D., 107 Hawai`i at 432, 114 P.3d at 938 (emphasis in Joy A. McElroy, M.D.) (quoting Bulgo v. Munoz, 853 F.2d 710, 716 (9th Cir. 1988)). Furthermore, Handa alleges he believes Roads attempted to enter into an employment contract with Wing Spirit to reassure him of the Matterhorn Transaction, but Handa does not allege that Roads made any statement or representation of such reassurance. In other words, Handa fails to allege representations made by Roads that Handa could have relied on.

Second, Handa does not sufficiently allege falsity. That is, even if he alleged representations, Handa does not plausibly allege they were false. Although Handa asserts Roads made "unfounded and untrue" representations, see Complaint at ¶ 50, he does not provide "what is false or misleading about [the representations], and why [they are] false." See Ebeid, 616 F.3d at 998 (quotation marks and citation omitted).

Third, Handa fails to plausibly allege Roads made false representations with knowledge of their falsity or without knowledge of their truth or falsity. Handa alleges "Roads knew his representations and advice to [Handa] relating to the Matterhorn Transaction were unfounded and untrue." [Complaint at ¶ 50.] But, Handa does not allege any facts to support such a claim. Thus, these allegations concerning Handa's intent are merely conclusory.

Finally, Handa does not sufficiently allege reasonable reliance. Handa fails to allege representations that sufficiently warrant or otherwise support his beliefs that: (1) Roads's potential employment was discussed to induce Handa into the Matterhorn Transaction; and (2) Roads was acting in the best interests of Handa and Wing Spirit.

Because Handa fails to allege a plausible claim of fraudulent inducement against Honda Aircraft, Honda Aircraft is entitled to judgment on the pleadings. However, Handa's fraudulent inducement claim against Honda Aircraft could be saved by amendment, and therefore the Court grants Handa leave to amend. See Tudela v. Hawai`i State Bd. of Educ., CIV. NO. 21-00188 LEK-WRP, 2021 WL 6052265, at *4 (D. Hawai`i Dec. 21, 2021) ("In considering a motion for judgment on the pleadings, the district court has discretion . . . to grant leave to amend." (citation omitted)).

15

## **CONCLUSION**

On the basis of the foregoing, Honda Aircraft's Motion for Judgment on the Pleadings, filed November 29, 2021, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Handa's claim in Count I against Honda Aircraft is DISMISSED. The Motion is DENIED insofar as the dismissal of Count I is WITHOUT PREJUDICE.

If Handa chooses to file an amended complaint, he must do so by **May 25, 2022**. If Handa does not file an amended complaint, the case will proceed as to Handa's claims in Count I against the remaining defendants.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 25, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TEIJIRO HANDA VS. HONDA AIRCRAFT COMPANY, LTD, ET AL; CV 21-00141 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**