IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TEIJIRO HANDA, | ) CIVIL NO. 21-141 LEK-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF'S MOTION FOR |
| | ) DEFAULT JUDGMENT AGAINST |
| MAS ONE USA LLC, et al., | ) MAS ONE USA LLC |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AGAINST MAS ONE USA LLC

Before the Court is Plaintiff Teijiro Handa's (Handa) Motion for

Default Judgment Against MAS One USA LLC, filed on January 18, 2023

(Motion). See Plf.'s Mot., ECF No. 89. Defendant MAS One USA LLC (MAS

One) filed an opposition memorandum to the Motion on February 23, 2023. See

Def.'s Opp., ECF No. 96. On March 9, 2023, Handa filed a reply memorandum in

support of the Motion. See Plf.'s Reply, ECF No. 97. On April 13, 2023, the

Court requested supplemental briefing on whether this Court has personal

jurisdiction over MAS One. Handa and MAS One filed their briefs on April 21

and 28, 2023, respectively. See Plf.'s Supp. Brief, ECF No. 100; Def.'s Supp.

Brief, ECF No. 101. The Court finds this Motion suitable for disposition without a

hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States

District Court for the District of Hawaii.  After careful consideration of the record

in this action and the relevant legal authority, the Court FINDS AND

RECOMMENDS that Handa's Motion be DENIED.[1]

## FACTUAL BACKGROUND

Handa is the president of Wing Spirit, "an air charter broker for

private passenger jet and air ambulance service."  First Amended Complaint

(FAC), ECF No. 51 at ¶10.  Handa alleges Wing Spirit originally entered into an

agreement (the Purchase Agreement) to purchase multiple aircraft (Aircraft)

directly from Defendant Honda Aircraft Company, LLC (Honda Aircraft) and

made an initial deposit of approximately $21,895,800 (the Deposit) to Honda

Aircraft on October 30, 2018.  See id. at ¶ 13.  Handa also alleges that the Deposit

"utilize[ed] in part monies received from [Handa]."  Id.  Upon the advice and

recommendation of Simon Roads (Roads), a Honda Aircraft employee who

facilitated the Purchase Agreement, Handa entered into a series of negotiations and

agreements with Honda Aircraft and Matterhorn Aviation Limited (Matterhorn).

See id. at ¶ 14.  Pursuant to those agreements (collectively, the Matterhorn

Transaction), Wing Spirit assigned its rights under the Purchase Agreement,

---

[1] Within fourteen days after a party is served with the Findings and Recommendation,
pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States
District Court.  A party must file any objections within the fourteen-day period to preserve
appellate review of the Findings and Recommendation.

including $6,000,000 of the Deposit, to the Bank of Utah as owner trustee (the Trustee) for the benefit of MAS One.  See id. at ¶ 14(a).  Specifically, Handa agreed to cause Wing Spirit to allow $6,000,000 of the Deposit (the Loan) to be credited toward the purchase price to be paid by MAS One for the Aircraft.  See id. at ¶ 36.  In exchange, Matterhorn (not MAS One) agreed to repay Wing Spirit the amount of the Loan plus interest.  See id.  As a vehicle to repay the Loan, non-party Eugene O'Reilly executed four promissory notes (Notes), each in the amount of $1,500,000, totaling $6,000,000 payable to Wing Spirit.  See id. ¶ 38.  The maker of the Notes was Matterhorn Aviation Services Limited (MASL), which did not pay the Notes when they came due.[1]  See id. ¶¶ 32(d) & (f), 38.  Notably, Handa and MAS One were not parties to the Notes.

As part of the Matterhorn Transaction, MAS One acquired the Aircraft and leased the Aircraft to Honda Aircraft, and Honda Aircraft in turn subleased the Aircraft to Wing Spirit.  See id. at ¶¶ 14(c)-(d).  Handa also entered into a Guarantee and Indemnity Agreement (the Guarantee) with Honda Aircraft, dated January 31, 2020, which required Handa to: "(1) personally guarantee Wing Spirit's performance of all obligations Wing Spirit owed to [Honda Aircraft] under the Sublease; and (2) indemnify [Honda Aircraft] for all costs [it] might incur in

---

[1] Around January 2021, Handa discovered that MASL was not a lawfully existing entity.  See FAC, ECF No. 51 at ¶ 48.

connection to" subleasing the Aircraft to Wing Spirit.  Id. at ¶ 12.

On November 29, 2020, Wing Spirit filed a Chapter 11 Voluntary

Throughout the FAC, Handa alleges Roads, an employee of Honda Aircraft, made numerous false representations to Handa that induced him to cause Wing Spirit to enter into the Matterhorn Transaction and agree to the $6,000,000 Loan, and induced him to execute the Guarantee in favor of Honda Aircraft.  See id. at ¶¶ 16-33, 52, 54, 60-61.  Handa also alleges that Matterhorn made false representations to Handa, including that the $6,000,000 Loan would be repaid to Wing Spirit, MASL was a lawfully existing entity, and MASL had authority to execute the Notes in favor of Wing Spirit.  See id. at ¶¶ 53-54, 57.  Handa alleges that these false representations induced him to cause Wing Spirit to make the Loan to MAS One and to assign its rights under the Purchase Agreement.  See id. at ¶ 59.  In all, Handa states that he "relied upon the representations made by Matterhorn, its affiliates and O'Reilly."  Id. at ¶ 62.  Notably, Handa does not allege any representations made by MAS One.

On November 29, 2020, Wing Spirit filed a Chapter 11 Voluntary Petition in the United States Bankruptcy Court for the District of Hawaii.  See In re Wing Spirit Inc., BK No. 20-01383.  This bankruptcy proceeding remains open as of the date of this Order, and several adversary proceedings have commenced, including Field v. MAS One, et al., Adversary Proceeding 22-90020, to recover, among other things, the $6,000,000 Loan made to MAS One.

4

PROCEDURAL BACKGROUND

The Complaint was filed in state court and removed to this Court on March 16, 2021.  See Notice of Removal, ECF No. 1.  Handa filed the First Amended Complaint (FAC) on May 25, 2022, and MAS One filed an answer on June 22, 2022.  See FAC, ECF No. 51; Def.'s Answer, ECF No. 56.  MAS One was represented by counsel until August 24, 2022, when the Court granted counsel's motion to withdraw as counsel for MAS One.  See Order Granting Motion to Withdraw, ECF No. 71.  Thereafter, upon a motion by Handa, this Court struck MAS One's Answer to the FAC on November 1, 2022, see Minute Order, ECF No. 79, and entered default against MAS One on November 29, 2022, see Entry of Default, ECF No. 84.  This Motion for Default Judgment followed.  See Plf.'s Motion, ECF No. 89.  New counsel for MAS One entered a notice of appearance on January 30, 2023 and is now defending against the present Motion.  See Notice of Appearance, ECF. No. 92; Def's Opp., ECF No. 96.

In this Motion, Handa asks the Court to grant default judgment against MAS One on Count I (fraudulent inducement) and Count II (unjust enrichment) of the FAC.  See Plf.'s Motion, ECF No. 89.  Handa does not seek default judgment on Count III (reformation and enforcement of the promissory notes), which was asserted as an alternative claim.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation.  See Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to

6

which it is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.

2002).  Also, "necessary facts not contained in the pleadings, and claims which are

legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N.

Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d

1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an

affirmative obligation to determine whether or not it has subject matter jurisdiction

over this action and personal jurisdiction over MAS One.  See In re Tuli, 172 F.3d

707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be

successfully attacked as void, a court should determine whether it has the power,

i.e., the jurisdiction, to enter the judgment in the first place.").

### 1. Subject Matter Jurisdiction

The Court previously concluded that it has diversity jurisdiction over

this case.  See Order Granting in Part and Denying in Part Defendant's Motion for

Judgment on the Pleadings, ECF No. 50 at 8-9 ("Handa Aircraft states the Court

has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1).  The Court agrees."

(citation omitted)).  However, MAS One argues that "this Court lacks jurisdiction

because the Notes provide for exclusive jurisdiction in the courts of New York."

Def.'s Opp., ECF No. 96 at 6.  MAS One also contends that "Handa lacks standing

to assert claims to recover assets of debtor Wing Spirit, especially now that claims to the same proceeds have been filed by the Chapter 7 Trustee against MAS One and others."  Id.

### a. The Notes Do Not Divest This Court of Jurisdiction

MAS One first argues that this Court lacks jurisdiction over this case because, "under the Notes, New York law applies and New York courts have exclusive jurisdiction of any action or proceeding" related to the Notes.  Def.'s Opp., ECF No. 96 at 16.  Handa counters that "the Notes themselves are not the subject of this litigation" but they are "helpful for understanding Handa's claim, . . . the Notes being simply one component of the evidence supporting Handa's claim."  Plf.'s Reply, ECF No. 97 at 4.

Each of the four Notes include choice of law provisions stating that the Notes shall be governed by New York law and that "the *Lender* and the *Maker* agree that the courts of the State of New York and the Federal District Court located in New York County, New York, shall have exclusive jurisdiction and venue of any action or proceeding directly or indirectly arising out of" the Notes.  See FAC, ECF No. 51-1 at 3, 9, 15, 21 (emphases added).  Importantly, however, neither Handa nor MAS One are parties to the Notes, nor did they sign the Notes.  See FAC, ECF No. 51-1 at 1, 5, 7, 11, 13, 17, 19, 23.  As such, Handa and MAS One are not bound to the choice of law provisions in the Notes.  See E.E.O.C. v.

8

Waffle House, Inc., 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."); see also FAC, ECF No. 51-1 at 4, 10, 16, 22 (stating the Notes are binding only on "the parties hereto and their respective heirs, executors, administrators, successors and assigns"). Moreover, as Handa argues, the Notes themselves are not the subject of the litigation but, rather, are evidence supporting Handa's claims. Accordingly, the Court finds that the choice of law provisions in the Notes did not divest this Court of jurisdiction over Handa's claims.

### b. Handa Has Standing to Bring His Claims

MAS One next challenges Handa's standing to seek recovery in this case, arguing that "such claims can only be asserted by Wing Spirit's bankruptcy trustee." Def.'s Opp., ECF No. 96 at 17. MAS One cites Title 11, United States Code, Section 362(a)(3) for the proposition that Handa may not take "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Id. The Court notes, however, that Handa's claims do not seek to possess or exercise control over property of Wing Spirit's estate. Handa is "not seeking to enforce Wing Spirit's rights under the Notes, or to substitute himself in or on behalf of Wing Spirit or the trustee of its bankruptcy estate." Plf.'s Reply, ECF No. 97 at 4. Rather, Handa brings tort claims against MAS One for fraudulent inducement and unjust enrichment related

9

to conduct and transactions that culminated in execution of the Notes.  Therefore, the Court disagrees with MAS One that Handa is seeking to collect on the Notes or to take control over Wing Spirit's estate in violation of 11 U.S.C. § 362(a)(3).

## 2.  Personal Jurisdiction

Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process of law.  Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006).  Because Hawaii's long-arm statute reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction.  Id. (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004)); Haw. Rev. Stat. § 634-35; see also Isaac v. Daniels, No. CV 16-00507 DKW-RLP, 2018 WL 1903606, at *2-3 (D. Haw. Mar. 30, 2018), report and recommendation adopted, No. CV 16-00507 DKW-RLP, 2018 WL 1902543 (D. Haw. Apr. 20, 2018).

For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)).

Here, the Court must determine whether it has specific jurisdiction

over MAS One.[2]  Specific jurisdiction exists if (a) the defendant has performed

some act or consummated some transaction within the forum or otherwise

purposefully availed himself of the privileges of conducting activities in the forum;

(b) the claim arises out of or results from the defendant's forum related activities;

and (c) the exercise of jurisdiction is reasonable.  See Boschetto v. Hansing, 539

F.3d 1011, 1016 (9th Cir. 2008).  Handa bears the burden of satisfying the first two

prongs and, if he does, the burden then shifts to MAS One to set forth a

"compelling case" that the exercise of jurisdiction would not be reasonable.

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011).

### a.  Purposeful Availment

First, the purposeful availment requirement is satisfied if the

defendant "has taken deliberate action" toward the forum state.  Panavision Int'l,

L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Ballard v. Savage, 65

F.3d 1495, 1498 (9th Cir. 1995)).  It is not required that a defendant have physical

contacts with the forum, so long as its efforts are "purposefully directed" toward

the forum.  Id.  The purposeful availment requirement is satisfied where the

defendant committed an intentional act expressly aimed at the forum state and

causing harm that the defendant knows is likely to be suffered in the forum state.

---

[2] Plaintiff does not assert that this Court has general personal jurisdiction over MAS One and therefore this Court does not address general jurisdiction.  See Plf.'s Supp Br., ECF No. 100 at 5-10.

11

Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme, 433 F.3d 1199,

1206 (9th Cir. 2006).

   The FAC alleges that MAS One intentionally entered into a

transaction involving a Hawaii entity (Wing Spirit) regarding physical property,

the airplanes, located in Hawaii.  The FAC alleges that, pursuant to a contractual

agreement, MAS One was obligated to pay the purchase price for the Aircraft in

order to acquire the Aircraft, which were ultimately subleased back to Wing Spirit

to be used for flights in Hawaii.  See FAC ECF No. 51 at ¶¶ 10, 14(e), 36, 70.  In

light of these facts, the Court finds that MAS One's efforts were "purposefully

directed" toward the forum and satisfies the purposeful availment requirement.

See Panavision Int'l, 141 F.3d at 1320.

### b.  Claims Arise Out of Forum-Related Activities

   Second, the claim asserted in the litigation must arise out of the

defendant's forum-related activities.  Panavision, Int'l, 141 F.3d at 1322 (citing

Ziegler v. Indian River Cnty., 64 F.3d 470, 474 (1995)).  In other words, Handa

must show that he would not have been injured "but for" MAS One's conduct

directed toward forum.  See id.  Here, as noted above, the FAC alleges that MAS

One entered into a transaction in which Handa was fraudulently induced to cause

Wing Spirit to loan MAS One $6,000,000, which Handa funded in whole or part.

Further, according to the FAC, MAS One provided no value in return for the Loan

and therefore was unjustly enriched.  Based on the allegations in the FAC, if not

for MAS One's conduct, Handa would not have been induced into the Matterhorn

Transaction and MAS One would not have been unjustly enriched.  Accordingly,

the Court finds that the second requirement for specific personal jurisdiction is

met.

### c.  Reasonableness of Exercise of Jurisdiction

Finally, to satisfy due process, the exercise of personal jurisdiction

must be reasonable.  Panavision, Int'l, 141 F.3d at 1322 (citing Ziegler, 64 F.3d at

474-75).  For jurisdiction to be reasonable, it must comport with "fair play and

substantial justice."  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462,

476 (1985)).  Where, such as here, a defendant purposefully avails itself of the

forum state, jurisdiction is presumed to be reasonable, and the presumption "can

only be overcome by a 'compelling case that the presence of some other

considerations would render jurisdiction unreasonable.'"  Caruth v. Int'l

Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995) (quoting Core-Vent

Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487 (9th Cir. 1993)).

To determine reasonableness, the Court balances seven factors: (1) the

extent of a defendant's purposeful interjection into the forum state's affairs; (2) the

burden on the defendant of defending in the forum; (3) the extent of conflict with

the sovereignty of the defendant's state; (4) the forum state's interest in

adjudicating the dispute; (5) the most efficient judicial resolution of the

controversy; (6) the importance of the forum to the plaintiff's interest in

convenient and effective relief; and (7) the existence of an alternative forum.  See

Core-Vent Corp., 11 F.3d at 1487-88 (citing Paccar Int'l, Inc. v. Commercial Bank

of Kuwait, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985)).

        Here, consideration of the above factors weighs in favor of Handa.

First, MAS One entered into a transaction by which it acquired the Aircraft and

subleased the Aircraft to Wing Spirit to be used commercially in Hawaii and, as

such, its conduct was aimed at the forum.  Second, MAS One concedes there is no

conflict with the sovereignty of any state in this action.  See Def.'s Supp. Brief,

ECF No. 101 at 9.  Third, Hawaii has a "strong interest in providing an effective

means of redress for its residents who are tortiously injured."  Resnick v. Rowe,

283 F. Supp. 2d 1128, 1141 (D. Haw. 2003) (quoting Miracle v. N.Y.P. Holdings,

Inc., 87 F. Supp. 2d 1060, 1070 (D. Haw. 2000)).  Fourth, litigating this case in

Hawaii is convenient for Handa, who is a Hawaii resident.  Fifth, although MAS

One posits that New York is an available alternative forum under the Notes, as

discussed above, this Court has found that Handa is not suing under the Notes and

the choice of law provisions therein are not applicable.  In sum, although two

factors tilt in favor of MAS One (the burden on an out-of-state party litigating here

and that evidence and witnesses may be located in other states), the balance of the

reasonableness factors favor a finding that the exercise of jurisdiction over MAS

One comports with the notions of fair play and substantial justice.

Accordingly, the Court FINDS and RECOMMENDS that this Court

has subject matter jurisdiction and specific personal jurisdiction over MAS One.[3]

The Court now turns to whether entry of default judgment is appropriate in this

case.

### B. <u>Eitel</u> Factors

Following a determination that jurisdiction is proper, the Court must

consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined

above.

### 1. The Possibility of Prejudice to Handa

The first factor considers whether a plaintiff would suffer prejudice if

default judgment is not entered.  <u>See</u> <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp.

2d 1172, 1177 (C.D. Cal. 2002).  Handa argues that he will be prejudiced because

he settled with Honda Aircraft "without the benefit of discovery that came due

shortly before MAS One's prior counsel withdrew."  <u>See</u> Plf.'s Reply, ECF No. 97

at 5.  Handa contends that he will be prejudiced if default judgment is not entered

because he "does not get to go back and renegotiate its settlement with [Honda

---

[3] The Court does not address Handa's argument that MAS One waived any challenge to personal
jurisdiction, <u>see</u> Plf.'s Supp. Brief, ECF No. 100 at 9, in light of the Court's finding that personal
jurisdiction over MAS One is appropriate.

Aircraft] simply because MAS One has now chosen to defend." Id.

The Court is not convinced that Handa's settlement with Honda Aircraft somehow results in prejudice to Handa if default judgment is not entered against MAS One. The FAC includes no allegations about the settlement with Honda Aircraft, and the present Motion seeks default judgment on only Handa's fraudulent inducement and unjust enrichment claims against MAS One. See Plf.'s Motion, ECF No. 89-1 at 5. Thus, even if default judgment were entered against MAS One on these claims, it would not provide Handa any relief from his settlement with Honda Aircraft.[4]

In sum, the Court finds that Handa will not be prejudiced if default judgment is not entered and the first Eitel factor weighs against entry of default judgment.

### 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability, the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.

---

[4] To the extent that Handa argued in his Motion that he will be prejudiced because MAS One does not have counsel, see Plf.'s Motion, ECF No. 89-1 at 5, the Court notes that counsel for MAS One entered the case after the present Motion was filed. Thus, any prejudice relating to MAS One not having counsel is now moot.

### a. Fraudulent Inducement (Count I)

Handa claims fraudulent inducement in Count I.  This Court has

stated:

> Under Hawai'i law, the elements for intentional
> misrepresentation or fraud are as follows:  "(1) false
> representations were made by defendants, (2) with
> knowledge of their falsity (or without knowledge of their
> truth or falsity), (3) in contemplation of plaintiff's
> reliance upon these false representations, and (4) plaintiff
> did rely upon them."  Shoppe v. Gucci America, Inc., 94
> Hawai'i 368, 386, 14 P.3d 1049 (2000).

Queen's Med. Ctr. v. Kaiser Found. Health Plan, Inc., 948 F. Supp. 2d 1131, 1151

(D. Haw. 2013).[5]

Importantly, the FAC fails to allege any representations made by

MAS One, much less "false representations" made by MAS One.  Id.  Handa's

Motion also concedes that "the actual representations that induced him to enter into

the Matterhorn Transactions were *made by others*[.]"  Plf.'s Motion, ECF No. 89-1

at 6 (emphasis added).  Without alleging that any representations were made by

MAS One, Handa fails to allege facts supporting the first element of fraudulent

inducement.  See Queen's Med. Ctr., 948 F. Supp. 2d at 1151.  The Court therefore

finds that Handa's factual allegations, taken as true, are insufficient to establish

---

[5] The Court notes that MAS One contends that this Court should apply New York law on the
assumption that the choice of law provisions in the Notes apply.  Def.'s Opp., ECF No. 96 at 19.
However, as discussed above, the Court finds that the choice of law provisions in the Notes do
not govern this action and therefore declines to apply New York law here.

fraudulent inducement against MAS One.

### b. Unjust Enrichment (Count II)

Handa claims unjust enrichment in Count II. To prevail on an unjust enrichment claim in Hawaii, "a plaintiff must show that: 1) it has conferred a benefit upon the defendant, and 2) that the retention of the benefit was unjust." Maeda v. Pinnacle Foods Inc., 390 F. Supp. 3d 1231, 1258 (D. Haw. 2019) (quoting State Farm Fire and Cas. Co. v. Chung, 882 F. Supp. 2d 1180, 1192 (D. Haw. 2012)).[6] The FAC alleges that MAS One was enriched because it received the benefit of the $6,000,000 Loan that originated in part from Handa and MAS One provided no value in return for the Loan.

MAS One argues that the allegations in the FAC are insufficient, characterizing Handa's claim for unjust enrichment as one "based on contractual relationships" that should be "determined by the Notes and related transaction documents." Def.'s Opp., ECF No. 96 at 23. To this point, MAS One argues "[t]here is nothing in the Notes, or any other transaction document cited by Handa in the FAC, that would give Handa a direct right to repayment under the Notes or from MAS One." Id. at 25. However, Handa's claims are not based on the Notes and do not seek to recover payments promised by the Notes; rather Handa asserts

---

[6] As noted above, the Court applies Hawaii law for the unjust enrichment claim and declines to address MAS One's arguments under New York law. See Def.'s Opp., ECF No. 96 at 22-24.

that MAS One was unjustly enriched by retaining the Loan without offering any value in return. The Court therefore disagrees with MAS One that Handa's unjust enrichment claim is governed by the Notes and finds that Handa's factual allegations, taken as true, are sufficient to establish that MAS One was unjustly enriched.

In sum, this factor weighs against default judgment as to Count I (fraudulent inducement) and in favor of default judgment as to Count II (unjust enrichment).

### 3. Sufficiency of the Complaint

As discussed immediately above, the allegations in the FAC are sufficiently pled for the unjust enrichment claim, but not for the fraudulent inducement claim. Therefore, this factor weighs against default judgment as to Count I (fraudulent inducement) and in favor of default judgment as to Count II (unjust enrichment).

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. Here, Handa seeks to recover $6,975,000 in damages, which is comprised of the amount Handa agreed to pay Honda Aircraft in settlement ($975,000) and the value of the $6,000,000 Loan that MAS One received. See Plf.'s Motion, ECF No.

Case 1:21-cv-00141-LEK-WRP    Document 102    Filed 05/31/23    Page 20 of 22
PageID.2254

89-1 at 8-9.

As discussed above, Handa's settlement with Honda Aircraft is not alleged in the FAC and entry of default judgment as to Count I (fraudulent inducement) and Count II (unjust enrichment) would not provide Handa any relief from his settlement with Honda Aircraft. Regarding the Loan, the FAC is unclear whether all $6,000,000 originated from Handa. The FAC states that Wing Spirit made a Deposit of $21,895,800 in connection with the Purchase Agreement and that "part" of that money was received from Handa. <u>See</u> FAC, ECF No. 51 at ¶ 13. Then Wing Spirit assigned "$6,000,000 *of the Deposit*" to the Bank of Utah for the benefit of MAS One. <u>Id.</u> at ¶ 14(a). Based on the FAC as written, the Court is unable to determine how much money Handa contributed to the Deposit or the Loan. Without more specificity as to the amount contributed by Handa, it is unclear whether $6,000,000 is an appropriate estimate of damages. This factor therefore weighs against default judgment.

### 5. Possibility of Dispute Concerning Material Facts

Since the filing of the present Motion, MAS One has retained counsel and is defending against this action. In its Opposition and supplemental brief, MAS One actively disputes the allegations in the FAC and asserts that Handa's claims lack merit. Given MAS One's challenges to the sufficiency of the material facts alleged in the FAC, this factor weighs against default judgment.

## 6. Whether Default Was Due to Excusable Neglect

"The sixth Eitel factor considers whether defendant's default may

have been the product of excusable neglect." Ho v. Tan Trinh, No. 8:16-CV-481-

JLS-JCGX, 2016 WL 11520810, at *5 (C.D. Cal. Oct. 27, 2016). "This factor

favors a default judgment when the defendant has been properly served or the

plaintiff demonstrates that the defendant is aware of the lawsuit." Id. Here, MAS

One was served and participated in the litigation prior to the withdrawal of its

original counsel. Therefore, MAS One was clearly aware of this lawsuit and this

factor favors entry of default judgment. See id. (finding this factor weighs in favor

of default judgment where the defendants were served and filed an answer that was

rejected).

## 7. Policy Favoring Decisions on the Merits

The seventh Eitel factor considers "the strong policy underlying the

Federal Rules of Civil Procedure favoring decisions on the merits." Eitel, 782 F.2d

at 1472. The Ninth Circuit has noted "the general rule that default judgments are

ordinarily disfavored" and that "[c]ases should be decided upon their merits

whenever reasonably possible." Id. Here, MAS One has counsel, is defending

against default judgment, and seeks to proceed to a decision on the merits. The

Court finds that this factor weighs against entry of default judgment.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weighs in favor of denying entry of default judgment against MAS One. Of particular importance is that MAS One has retained counsel and is actively defending against this case, the absence of any misrepresentations made by MAS One in the FAC, that the FAC is unclear whether Handa's requested damages is an appropriate estimate given MAS One's conduct alleged in the FAC, and the strong policy favoring decisions on the merits.

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that Handa's Motion for Default Judgment Against MAS One USA LLC be DENIED. See Plf.'s Mot., ECF No. 89.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 31, 2023.



Wes Reber Porter
United States Magistrate Judge

Handa v. MAS One USA LLC, et al.; CIVIL NO. 21-00141 LEK-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST MAS ONE USA LLC